## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANNE CRONIN                          *
15501 River Road
Potomac, Maryland 20874              *

      Plaintiff              *

      vs.                    *          CASE NO.   12-CV-1463

ADAM A. WESCHLER & SON, INC.,        *          JURY TRIAL DEMANDED
909 E Street NW
Washington, D.C. 20004               *

      Defendant               *

## COMPLAINT

The Plaintiff, by and through counsel, respectfully files this four count Complaint against the Defendant, and states as follows:

## INTRODUCTION

1.      This case involves the unauthorized auctioning of Anne Cronin's unique and valuable personal property by the Defendant, Adam A. Weschler & Son, Inc.  The Defendant's website claims that it is "an auction tradition in the Nation's Capital for over 120 years, earning a reputation of trust and reliability" but its conduct in this matter was far from trustworthy or reliable and caused the Plaintiff significant damages.  These damages were incurred after Defendant received actual and constructive notice from both Anne Cronin and her storage facility that the auction should not be held.

2.      The Defendant received notice that it did not have the authority or permission to auction the Plaintiff's unique personal property, but nevertheless proceeded to auction 37 lots of the Plaintiff's property for a mere fraction of what the items were worth.  The Defendant's unlawful conduct permitted these items to be sold, and it is likely that the Plaintiff will never

have possession of the unique pieces again. This conduct was reprehensible and inexcusable, particularly given the nature of the Defendant's business and clientele.

## PARTIES JURISDICTION AND VENUE

3.      Plaintiff Anne Cronin is an individual residing in Maryland.

4.      Defendant Adam A. Weschler & Son, Inc. is a Delaware corporation with its principal place of business in the District of Columbia.

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.      The Defendant is subject to personal jurisdiction in the District of Columbia and this Judicial District because it transacted business and/or engaged in tortious conduct within the District of Columbia.

## FACTUAL ALLEGATIONS

8.      The Plaintiff utilized the services of Prosperi Company ("Prosperi"), a storage company based in Maryland, for many years. The Plaintiff stored various items of personal property with Prosperi. The types of personal property varied over time, but generally included furniture, decorative items, and other valuable pieces.

9.      For purposes of this lawsuit and at all times relevant here, the items that were stored with Prosperi included various pieces of mostly new Ralph Lauren furniture and home furnishings ("The Property"). Many pieces of The Property are no longer available for purchase from the manufacturer.

2

10.     The Property that was placed in storage with Prosperi at the time of the events in this matter consisted of various furnishings for Plaintiff's home that was being renovated.  The Property was unique to Plaintiff's home that was being renovated and contained very specific color schemes and patterns and specific dimensions for rooms.  The Property was purchased over several years for the home at a significant cost.  The Property in storage at Prosperi at the time of the events in question was valued at well over $100,000.

11.     For several years prior to 2012, the storage fees at Prosperi were paid by a representative of Ralph Lauren, using Plaintiff's credit card that was on file with Ralph Lauren. Ralph Lauren routinely paid any outstanding storage fees, with Plaintiff's permission, without notifying or advising the Plaintiff.

12.     On or about August 11, 2012, the Plaintiff learned from a Ralph Lauren employee, that The Property in storage at Prosperi was in danger of being auctioned.  Plaintiff attempted to contact Prosperi immediately, but was unable to leave a message as Prosperi had no voicemail or answering machine on the office line.

13.     On August 13, 2012, the Plaintiff received information from a representative of Prosperi, Ms. Debbie Mutchler, that an auction for The Property was to take place at the business location of the Defendant, Adam A. Weschler & Son, Inc., ("Weschler's").  Weschler's is an auction company in the District of Columbia.  The auction was scheduled for the morning of August 14, 2012.

14.     On August 13, 2012, the Plaintiff was also informed by Ms. Mutchler that Prosperi was owed storage fees, which was unbeknownst to the Plaintiff at the time.  The Plaintiff informed Prosperi that she had not received any prior notification of the purportedly owed fees.

3

15.     The Plaintiff immediately provided Prosperi with a credit card and authorized Prosperi to charge the credit card for all outstanding fees.  Approximately $8,913.62 was charged by Prosperi to the Plaintiff's credit card at 4:37 p.m. and 4:38 p.m. on August 13, 2012, constituting payment in full for the allegedly outstanding fees.

16.     Immediately after finishing her conversation with Ms. Mutchler, the Plaintiff contacted Defendant Weschler's and spoke with Tom Weschler, the President of the company. At approximately 4:45 p.m. on August 13, 2012, the Plaintiff informed Mr. Weschler that The Property must not be auctioned as she had resolved the storage fee matter with Prosperi.  In response, Mr. Weschler stated that he required confirmation from Prosperi of the resolution by telephone in order to stop the auction and that he would not proceed with the auction once he received the confirmation from Prosperi.

17.     Immediately after finishing her conversation with Mr. Weschler on August 13, 2012, the Plaintiff informed Prosperi of her conversation with Mr. Weschler.  Ms. Mutchler then contacted Mr. Weschler later that same afternoon and informed him that the Plaintiff had provided a credit card with authorization to charge all fees to settle her account and that the auction should not proceed.   Mr. Weschler agreed, but stated that there would be an auction fee for the cancelled auction, and Ms. Mutchler stated that the Plaintiff would pay Propseri the auction fee.  Mr. Weschler then informed Ms. Mutchler that the fee would be $3,500 if the items were picked up by that Thursday, August 16, 2012.

18.     Later on August 13, 2012, Ms. Mutchler contacted the Plaintiff and stated that she had spoken with Mr. Weschler to stop the auction, that the matter was resolved, and assured the Plaintiff that there definitely would not be an auction of the Plaintiff's items.

19.     On August 14, 2012, late in the afternoon, the Plaintiff was informed via email from Prosperi that the auction had in fact proceeded with approximately 37 lots of her items being sold, with proceeds of $14,760 paid to both Weschler's and Prosperi.  The Plaintiff was shocked by this action as she believed that the matter was resolved the prior day.

20.     The amount received at the auction was far less than the amounts paid for the items.  For example, upon information and belief, an item that was purchased for $65.00 at the auction was subsequently offered for sale by the auction purchaser for $1,400.

21.     On August 17, 2012, the Defendant was placed on notice to retain any and all property of the Plaintiff.  The Defendant has represented that it does not have possession of any of the auctioned property but upon information and belief from purchasers from the auction, the Defendant is still in possession of the auctioned property and thus did not provide truthful representations regarding the physical status of the Plaintiff's furniture.

## COUNT I
## CONVERSION

22.     Plaintiff incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

23.     Plaintiff owned The Property held in storage at Prosperi. Plaintiff regained full ownership rights to The Property on August 13, 2012 once she paid the delinquent storage fees.

24.     The Defendant took possession and exercised dominion and control over The Property, depriving the Plaintiff of The Property.

25.     The Defendant, after being provided with both constructive and actual notice that The Property rightfully belonged to the Plaintiff and that the auction of The Property set for

August 14, 2012 should be cancelled, intentionally conducted the auction of The Property without proper claim or authority to do so.

26.     Defendant conducted the auction of The Property with actual malice, after being told by Plaintiff and a representative of Prosperi to call off the auction and that The Property fully belonged to Plaintiff.

27.     The Defendant's conduct proximately caused injury to the Plaintiff, in an amount to be determined at trial and greater than $75,000.

## COUNT II
## NEGLIGENCE

28.     Plaintiff incorporates by reference paragraphs 1 through 27 as if fully set forth herein.

29.     The Defendant owed the Plaintiff a duty to hold The Property, not auction The Property for sale, and return The Property to Plaintiff once it had actual or constructive knowledge from Plaintiff and Prosperi that Plaintiff had fully paid her storage fees and regained full rights to The Property.

30.     The Defendant breached its duty to the Plaintiff by auctioning at least thirty-seven lots of The Property after Defendant had actual and constructive notice not to proceed with the auction.

31.     Defendant's breach of duty to Plaintiff was the proximate cause of Plaintiff's injuries.

32.     Defendant's breach of duty to Plaintiff injured the Plaintiff in an amount to be determined at trial and in excess of $75,000.

## COUNT III
## COMMON LAW FRAUD

33.     Plaintiff incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

34.     Defendant made a false representation of material fact to the Plaintiff that it would stop the auction once it received confirmation from Prosperi that the storage fees were resolved and the auction should not proceed.

35.     Defendant received confirmation from Prosperi that the storage fees were resolved and the auction should not proceed.  Regardless, Defendant proceeded with the auction for The Property.

36.     Defendant made its false representations of material fact with knowledge of their falsity.  Defendant could have stopped the auction, but apparently chose not to do so.

37.     Defendant intended to deceive Plaintiff by informing her that the auction would not proceed when in fact the Defendant planned to proceed with the auction the following day notwithstanding the notice he received from the Plaintiff and Prosperi not to auction The Property.

38.     Plaintiff relied upon Defendant's false representation of material fact that the auction for The Property would not proceed.  In reliance on Defendant's statements, Plaintiff took no further action to protect The Property because she was under the false impression the auction would not proceed and her property would be returned to her.

39.     Plaintiff suffered damages as a direct and proximate result of Defendants false representation of material fact and the ensuing auction, thereby depriving her of at least thirty-

seven lots of The Property. The amount of Plaintiff's damages will be determined at trial and total more than $75,000.

<strong><u>COUNT IV</u></strong><br><strong>D.C. CONSUMER PROTECTION PROCEDURES ACT</strong><br><strong>D.C. Code Ann. §28-3901 et seq.</strong>

40.     Plaintiff incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41.     Defendant is a "merchant" within the meaning of D.C. Code Ann. §28-3901(a)(3).

42.     Plaintiff is both a "person" and a "consumer" within the meaning of D.C. Code Ann. §28-3901(a)(1) and (2). Plaintiff brings this claim pursuant to D.C. Code Ann. § 28-3905(k).

43.     Defendant's sale of The Property at auction on August 14, 2012 constitutes "goods or services" within the meaning of D.C. Code Ann. § 28-3901(a)(7).

44.     Defendant, by selling The Property without authority to do so and by making materially false statements to Plaintiff that it would not sell The Property or otherwise informing the purchasing public that Defendant had the authority to sell The Property at auction, engaged in unlawful trade practices within the meaning of D.C. Code Ann. §28-3901(a)(6) and D.C. Code Ann. § 28-3904(a), (d), (e), (f), (r) and/or (v).

45.     Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful trade practices. The amount of Plaintiff's damages will be determined at trial and total more than $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anne Cronin prays that the Court:

1)   Enter judgment that Defendant Adam A. Weschler & Son, Inc., unlawfully converted the Plaintiff's property;

2)   Award Plaintiff compensatory damages and, as appropriate, punitive damages against Defendant Adam A. Weschler & Son, Inc., for all damages sustained as a result of Defendant's conversion, in an amount to be proven at trial;

3)   Enter judgment that that Defendant Adam A. Weschler & Son, Inc., was negligent in connection with its unauthorized auctioning of the Plaintiff's property;

4)   Award Plaintiff compensatory damages against Defendants Adam A. Weschler & Son, Inc., for all damages sustained as a result of Defendant's negligence, in an amount to be proven at trial;

5)   Enter judgment that that Defendant Adam A. Weschler & Son, Inc., defrauded the Plaintiff in connection with its unauthorized auctioning of The Property;

6)   Award Plaintiff compensatory and, as appropriate, punitive damages against Defendant Adam A. Weschler & Son, Inc., for all damages sustained as a result of Defendant's fraud, in an amount to be proven at trial;

7)   Enter judgment that the Defendant has violated the D.C. Consumer Protection Procedures Act and award Plaintiff treble damages, punitive damages, and all other relief permitted by statute;

8)   Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in this action; and

9)      Award Plaintiff such other legal or equitable relief as the Court deems just and

proper.

Dated:  September 5, 2012

       /s/   Brian   W.   Stolarz             
Brian W. Stolarz (DC Bar No. 466160)
Michael J. Schrier (DC Bar No. 444693)
Jackson Kelly PLLC
1875 Connecticut Avenue, NW
Suite 1110
Washington, D.C. 20009
(202) 973-0204 (telephone)
(202) 973-0232 (facsimile)
bwstolarz@jacksonkelly.com
mjschrier@jacksonkelly.com

*Attorneys For Plaintiff Anne Cronin*

## JURY DEMAND

Plaintiff demands a jury trial in this matter, on all issues of fact so triable.

       /s/   Brian   W.   Stolarz             
Brian W. Stolarz (DC Bar No. 466160)
Michael J. Schrier (DC Bar No. 444693)
Jackson Kelly PLLC
1875 Connecticut Avenue, NW
Suite 1110
Washington, D.C. 20009
(202) 973-0204 (telephone)
(202) 973-0232 (facsimile)
bwstolarz@jacksonkelly.com
mjschrier@jacksonkelly.com

*Attorneys For Plaintiff Anne Cronin*