UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANNE CRONIN,

    Plaintiff,

        v.

ADAM A. WESCHLER & SON, INC.,

    Defendant.

Civil Action No. 12-1463 (JEB)

## MEMORANDUM OPINION

While Plaintiff Anne Cronin was renovating her house, she placed various furnishings in storage with the Prosperi Company. Believing Cronin had failed to pay its fee, Prosperi at some point sent the items to Defendant Adam A. Weschler & Son, Inc., to be auctioned. Upon learning of the pending auction, Plaintiff contacted Prosperi and Weschler's to block the sale. Despite her payment of outstanding storage fees and assurances by both Prosperi and Weschler's that the sale would not proceed, 37 lots of her items did end up being auctioned, yielding far less than their true value.

Plaintiff has thus brought this diversity action against Weschler's only, alleging conversion, negligence, fraud, and a violation of the D.C. Consumer Protection Procedures Act (CPPA), D.C. Code § 28-3901 *et seq.* Defendant now moves to dismiss much of the case, arguing both that Prosperi is a necessary party and that several of the causes of action are infirm. Because the Court finds that Plaintiff cannot allege a sufficient merchant-consumer relationship to invoke the CPPA, it will grant Defendant's Motion as to that claim (Count IV). The remaining counts (I, II & III), however, may proceed since Prosperi is not a required party, and the fraud and conversion causes of action have been adequately pled.

**I.     Background**

According to the Complaint, which must be presumed true at this stage, Plaintiff had long used the services of Prosperi to store personal property. See Compl., ¶ 8. During the renovation of her house, she stored over $100,000 worth of Ralph Lauren home furnishings there, and fees were routinely paid by Ralph Lauren using Plaintiff's credit card. Id., ¶¶ 9-11. On August 13, 2012, Prosperi informed Plaintiff that the property would be auctioned the next day by Weschler's because of unpaid storage fees. Id., ¶¶ 13-14. Plaintiff immediately authorized Prosperi to charge her credit card for the outstanding fees of $8,913.62, which it did. Id., ¶ 15. Plaintiff then called Weschler's and spoke to Tom Weschler, the company president, to tell him that the storage-fee dispute had been resolved and that the property should not be auctioned. Id., ¶ 16. Weschler informed her that he required confirmation of payment from Prosperi, in which event he would call off the auction. Id.

Plaintiff right away told Prosperi, which then contacted Weschler that same afternoon to confirm payment and the cancellation of the auction. Id., ¶ 17. Weschler agreed, but indicated that a fee of $3,500 would be charged for the canceled auction, which Prosperi told him Plaintiff would pay. Id. Prosperi then contacted Plaintiff to assure her that no auction would proceed. Id., ¶ 18. In this exchange of information, however, some directive apparently went awry because Plaintiff learned the next afternoon that the auction had in fact proceeded, and approximately 37 lots of her items had been sold for a total of $14,760, an amount far less than what Plaintiff had paid. Id., ¶¶ 19-20.

Plaintiff then brought this suit, and Defendant has now moved to dismiss.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993). Although the notice-pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Though a plaintiff may survive a 12(b)(6) motion even if "recovery is very remote and unlikely," Twombly, 550 U.S. at 555 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555.

## III. Analysis

In moving to dismiss, Defendant makes four discrete arguments, the first relating to Plaintiff's alleged failure to join Prosperi as a necessary party and the others concerning putative defects in certain causes of action. Specifically, Defendant challenges the conversion claim (Count I), the fraud claim (Count III), and the CPPA claim (Count IV). Weschler's does not seek to dismiss the negligence claim (Count II). The Court will first analyze Defendant's joinder argument and then proceed to separately address the arguments specific to each cause of action.

A. <u>Required Party</u>

Defendant first argues that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(7) for Plaintiff's failure to join Prosperi as a necessary party under Rule 19. <u>See</u> Mot. at 3-5. Prosperi is required, Defendant asserts, because the "case will necessarily involve factual determinations" concerning Prosperi's role in the sale of Plaintiff's property, such that "Prosperi's central involvement and interests in the subject matter of this case cannot be ignored." <u>Id.</u> at 5. Plaintiff responds that Prosperi is merely a "potential third-party defendant in an indemnity or contribution claim by Weschler's arising from the transactions or occurrences at issue in this case." Opp. at 2. Cronin contends that she has a cause of action against Weschler's "regardless of whether or not Prosperi is potentially at fault" and "need not add Prosperi as a defendant in order to fully pursue relief from Weschler's tort." <u>Id.</u> at 3. The Court agrees. Prosperi is not a required party under Rule 19, and the Court will thus deny Defendant's Motion pursuant to Fed. R. Civ. P. 12(b)(7).[1]

Rule 12(b)(7) provides that a complaint may be dismissed for "failure to join a party under Rule 19." Courts are generally reluctant to grant Rule 12(b)(7) motions, and "dismissal is warranted only when the defect is serious and cannot be cured." 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, <u>Federal Practice & Procedure</u>, § 1359 (3d ed. 2004). As with other Rule 12 motions, a court must accept the complaint's allegations as true for the purposes of a Rule 12(b)(7) motion to dismiss. <u>16th & K Hotel, LP v. Commonwealth Land Title Ins. Co.</u>, 276 F.R.D. 8, 12 (D.D.C. 2011).

---

[1] As noted by this Circuit in <u>Vann v. Kempthorne</u>, 534 F.3d 741 (D.C. Cir. 2008), "The words 'necessary' and 'indispensable' have become obsolete in the Rule 19 context as a result of stylistic changes to the Rule." <u>Id.</u> at 745 n.1 (citing <u>Republic of Philippines v. Pimentel</u>, 553 U.S. 851, 855-56 (2008)). The Court's analysis will, accordingly, use language contained in the current rule.

4

Rule 19 "establishes a two-step procedure for determining whether an action must be dismissed because of the absence of a party needed for a just adjudication." Cherokee Nation of Okla. v. Babbitt, 117 F.3d 1489, 1495-96 (D.C. Cir. 1997). First, the Court must determine whether Prosperi is required to be joined. If the Court determines that Prosperi is not required under Rule 19(a), it need not proceed to the second step of the test, which provides that if a party deemed required under Rule 19(a) cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In this case, the Court reaches only the first step.

Under the first step of the test, a party is required to be joined if: (a) in that party's absence, the Court cannot accord complete relief among existing parties; or (b) disposing of the action in the party's absence may either (i) impede its ability to protect its interest or (ii) would put an existing party at risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1). Defendant, as the moving party, bears the burden to demonstrate that an absent party is required under Rule 19. Ilan-Gat Engineers, Ltd. v. Antigua Int'l Bank, 659 F.2d 234, 242 (D.C. Cir. 1981).

Plaintiff's claims here sound in tort, rather than contract. Rule 19 does not require the joinder of joint tortfeasors such as Prosperi. See 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure, § 1623 (3d ed. 2001); Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7 (1990) (citing Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 329-30 (1955)); Krieger v. Trane Co., 765 F. Supp. 756, 763 (D.D.C. 1991) (noting that it is well settled "that joint tortfeasors are not indispensable parties"). They are not required parties because "joint and several liability permits the plaintiff to recover full relief from any one of the responsible parties,

which party then has the option of suing for contribution or indemnity." City of New York v. Waterfront Airways, Inc., 620 F. Supp. 411, 413 (S.D.N.Y. 1985).

Weschler's potential right to contribution or indemnity from Prosperi, consequently, does not make the latter a required party under Rule 19. See Gen. Refactories Co. v. First State Ins. Co., 500 F.3d 306, 320 (3d Cir. 2007) (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 412 (3d Cir. 1993)); Bank of America Nat'l Trust and Sa. Assoc. v. Hotel Rittenhouse Assoc., 844 F.2d 1050, 1054 (3d Cir. 1988); Morgan Guara. Trust Co. of New York v. Martin, 466 F.2d 593, 597 (7th Cir. 1972). As the Third Circuit noted in Gen. Refactories Co., "[D]efendants are free to pursue any claim for contribution or indemnification they might have against the absent insurers in a separate action. While '[w]e recognize that this is a less convenient remedy for [defendant],' it is nonetheless 'a means of resolving [defendant's] claim of the risk of inconsistent obligations.'" Id. (citing Gardiner v. Virgin Islands Water & Power Auth., 145 F.3d 635, 642 (3d Cir. 1998)); see also Pasco Int'l (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 503 (7th Cir. 1980) ("Potential indemnitors have never been considered indispensable parties . . . . [A defendant] can always protect itself from the possibility of inconsistent verdicts by impleading [the absent party] under Rule 14.").

This analysis is not altered by Defendant's argument that this case

> will necessarily involve factual determinations such as whether payments were received by Prosperi as alleged in the Complaint, whether Prosperi communicated with Cronin as alleged in the Complaint, whether Prosperi communicated with Weschler's as alleged in the Complaint, whether Prosperi had the right to proceed with the auction in the first instance, whether Prosperi acted in compliance with D.C. Code § 28:7-210 in sending Cronin's property to Weschler's for auction and whether Prosperi had the right to receive proceeds from the sale of the auctioned property as alleged in the Complaint.

See Mot. at 5. This Circuit rejected a similar argument in Costello Publ'g Co. v. Rotelle, 670

6


F.2d 1035 (D.C. Cir. 1981).  There, the court determined that an absent party was not required for purposes of Rule 19 where the party seeking joinder needed evidence from the absent party to support its defense: "[T]he question of whether or not an entity or individual should be a party to an action is something quite different from the questions and problems associated with obtaining evidence from such an entity or individual.  Rule 19 . . . does not list the need to obtain evidence from an entity or individual as a factor bearing upon whether or not a party is necessary or indispensable to a just adjudication."  Id. at 1044.

The Court, therefore, concludes that Prosperi is not required for the adjudication of this case.  Weschler's Motion to Dismiss under Rule 12(b)(7) for failure to join a party will be denied, and Plaintiff's suit may proceed without Prosperi.  Having rejected Defendant's joinder argument, the Court will now turn to Defendant's specific challenges to Counts I, III & IV.

    B.  Conversion

Defendant argues that Plaintiff's conversion claim (Count I) should be dismissed under Rule 12(b)(6) because she has failed to allege the necessary elements, including that "Weschler's initial possession of the property was anything other than lawful" or that "she made any demand upon Weschler's for the return of her property at any time sufficient to establish a claim for conversion."  Mot. at 7.  Cronin responds that Count I is properly pleaded as she was not required to make such allegations where "there are sufficient, and indeed ample 'other facts and circumstances independently establishing a conversion.'"  Opp. at 7 (internal citations omitted).  Plaintiff is correct.

"Conversion is 'any unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto.'"  Bucheit v. Palestine Liberation Org., 388 F.3d 346, 349 (D.C. Cir. 2004) (quoting Duggan v. Keto, 554 A.2d 1126,

1137 (D.C. 1989)).  When asserting a conversion claim, an individual is required to make a demand for the return of his property "when there are no 'other facts and circumstances independently establishing a conversion.'"  Bowler v. Joyner, 562 A.2d 1210, 1212 (D.C. 1989) (quoting Shea v. Fridley, 123 A.2d 358, 361 (D.C.1956)).  The Court finds that the facts and circumstances alleged here establish a conversion – and, in any event, Plaintiff did demand the return of her property.

Upon learning of the pending auction of her property, Plaintiff spoke directly with Tom Weschler, the president of the auction house, and "informed Mr. Weschler that The Property must not be auctioned as she had resolved the storage fee matter with Prosperi."  Compl, ¶ 16.  Weschler instructed her that he would stop the auction when he received confirmation that the storage-fee issue with Prosperi was resolved.  See id.  Such confirmation was received later that afternoon.  See id., ¶ 17.  Defendant was thus "provided with both constructive and actual notice that The Property rightfully belonged to the Plaintiff and that the auction of The Property set for August 14, 2012 should be cancelled."  Id., ¶ 25.  These facts independently establish a conversion, and, even if they did not, Cronin's call to Tom Weschler to block the sale constitutes a demand for her property's return.  Defendant's decision to conduct the auction of Plaintiff's property, "without proper claim or authority to do so," may constitute a conversion.  Id.  Count I, accordingly, may proceed.

    C.  Fraud

Defendant next challenges Plaintiff's "failure to allege facts sufficient to show that she detrimentally relied upon any alleged false representation of Weschler's in order to establish a fraud claim [Count III] under District of Columbia law."  Mot. at 8-9.  Plaintiff maintains that the heightened pleading requirements for fraud do not apply to allegations of detrimental reliance,

8

and, even if they did, she contends that she has properly pleaded such reliance here. See Opp. at 8-9. As the Court finds that Plaintiff alleges facts sufficient to meet a heightened standard, it need not address her alternate argument regarding whether such standard is even required.

"The essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." Caulfield v. Stark, 893 A.2d 970, 974 (D.C. 2006) (citing Virginia Acad. of Clinical Psychologists v. Group Hospitalization & Med. Servs., Inc., 878 A.2d 1226, 1233 (D.C. 2005) (internal quotations and citations omitted)). Plaintiff here alleges that she "relied upon Defendant's false representation of material fact that the auction for The Property would not proceed. In reliance on Defendant's statements, Plaintiff took no further action to protect The Property because she was under the false impression the auction would not proceed and her property would be returned to her." Compl., ¶ 38. Defendant contends that this allegation is insufficient, as Plaintiff "does not allege what action she would have taken or could have taken had the alleged representations not been made by Weschler's." See Mot. at 9. The Court disagrees. Defendant cites no authority for the proposition that Plaintiff must spell out in greater detail the additional steps she would have taken had she been informed that Weschler's intended to proceed with the auction. She does allege that she diligently sought to halt Defendant's sale of her property, and it is evident from her allegations that she would have continued to pursue such efforts had she not received assurances from Defendant that her property was no longer in peril. Count III, therefore, sufficiently alleges reliance and may proceed.

D.  CPPA

Defendant directs its final substantive challenge to Plaintiff's CPPA claim (Count IV). Weschler's contends that Cronin failed to allege a consumer-merchant relationship, as required by the statute.  See Mot. at 9-10.  Plaintiff responds that because Weschler's "provided auction services (albeit unwanted auction services) to Cronin as the 'seller' of property and as the 'consumer' of auction services," she has pleaded a sufficient consumer-merchant relationship for her CPPA claim to proceed.  Opp. at 11.  For a change, Defendant has the better of this dispute.

While its protections apply to a wide range of transactions, "a valid claim for relief under the CPPA must originate out of a consumer transaction."  Ford v. ChartOne, Inc., 908 A.2d 72, 81 (D.C. 2006).  Under the CPPA, the term "merchant" "means a person . . . who . . . does or would sell, lease (to), or transfer, either directly or indirectly, consumer goods or services, or a person who does or would supply the goods or services which are or would be the subject matter of a trade practice."  D.C. Code § 28-3901(a)(3).  It is thus clear that Weschler's, by selling the goods, qualifies as a merchant.  "Consumer," on the other hand, means "a person who does or would purchase, lease (from), or receive consumer goods or services, including a co-obligor or surety, or a person who does or would provide the economic demand for a trade practice."  Id. § 28-3901(a)(2).  As Plaintiff here never obtained or sought to obtain any goods or services from Wechsler's, she was not a "consumer" for purposes of the CPPA; as such, she cannot allege a claim under the statute.

Plaintiff disputes such a characterization and cites Adam A. Weschler & Son, Inc. v. Klank, 561 A.2d 1003 (D.C. 1989), in support of her CPPA claim.  See Opp. at 11.  Yet that suit, although also involving Weschler's, involved a very different transaction.   In Klank, the purchaser of an antique chest at a public auction charged Weschler's with an unlawful trade

practice under the CPPA, alleging that it had misrepresented the chest in its auction catalog. The auction house argued that the sale was not a consumer transaction because the purchaser bought the chest as an investment and intended to resell it. See 561 A.2d at 1004. The court ultimately rejected that argument, finding Klank was a "consumer" within the statute. See id. Here, on the contrary, Plaintiff neither bought from nor sold – at least willingly – anything to Weschler's. Indeed, the crux of her conversion claim hinges on the lack of any authorized transaction. Because Plaintiff has failed to allege the requisite consumer-merchant relationship required by the CPPA, the Court will grant Defendant's Motion as to Count IV.

    E. Punitive Damages & Attorney Fees

In addition to the challenges discussed above, Defendant seeks to limit the remedies Plaintiff may seek. See Mot. at 10. Defendant contends first that Cronin cannot seek punitive damages since her conversion and fraud claims fail. The Court has already rejected that legal position. Weschler's next maintains that no attorney fees are available without a valid CPPA claim, which is true. The Court will thus strike this prayer for relief.

## IV. Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order that will grant Defendant's Motion to Dismiss Count IV, strike the prayer for attorney fees, and otherwise deny the Motion. A separate Order consistent with this Opinion will be issued this day.

                                                /s/ *James E. Boasberg*
                                                JAMES E. BOASBERG
                                                United States District Judge

Date:   November 15, 2012